# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JOSE NEMESIO LAULOPEZ,

       Plaintiff,

    v.

FINELINE AUTO GROUP, LLC, et al.,

       Defendants.

CIVIL ACTION NO. 1:23-CV-01241

(MEHALCHICK, M.J.)

## MEMORANDUM

This action brought by *pro se* Plaintiff Jose Nemesio Laulopez ("Laulopez"), was commenced by the filing of a complaint on July 27, 2023, against Defendants Fineline Auto Group, LLC, and Credit Acceptance Corporation ("CAC") (collectively, "Defendants"). (Doc. 1). Laulopez asserts claims against Defendants pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), the False Claims Act ("FCA"), and the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801 *et seq.*. (Doc. 1, at 5). Concurrently filed with the complaint, Laulopez filed a motion to proceed *in forma pauperis*.[1] (Doc. 2). Having conducted the statutorily-mandated screening of Laulopez's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds Laulopez has failed to state a claim upon which relief may be granted.

---

[1] The Court addresses the motion for leave to proceed *in forma pauperis* by separate Order. (Doc. 2).

I.   **BACKGROUND AND PROCEDURAL HISTORY**

Liberally construing the complaint, Laulopez's claims relate to a contract he entered into on August 19, 2022, with Defendants for an auto installment loan where Laulopez was charged $2,000. (Doc. 1, at 6). Laulopez asserts that the contract was later rescinded as fraudulent on October 11, 2022, after Defendants failed to mail disclosure agreements to Laulopez. (Doc. 1, at 6). Laulopez claims that as a result of this incident, he has received 124 calls, reporting of his credit report, attempted repossession, and a failure to return the $2,000 to Laulopez along with title for the subject automobile, causing stress, financial damages, and defamation of his character. (Doc. 1, at 6). As relief, Laulopez seeks title for the subject automobile and monetary damages for "fraudulent contracting," "unwanted communication," "making false claims on [his] consumer report," "not ceasing communication with non-affiliated third-parties such as consumer reporting agencies," "attempted grand theft auto and emotional [and] financial distress," and "not disclosing the right opt out of credit reporting," and defamation. (Doc. 1, at 6).

II.   **LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is statutorily required to review the complaint of a plaintiff proceeding in forma pauperis prior to service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts. Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. Cty. of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

- 4 -

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III.   **DISCUSSION**

A.  LAULOPEZ FAILS TO STATE A CLAIM UNDER THE TILA.

TILA regulates "the relationship between lenders and consumers . . . by requiring certain disclosures regarding loan terms and arrangements." *McCutcheon v. America's Servicing Co.*, 560 F.3d 143, 147 (3d Cir. 2009). "TILA generally requires that a creditor in a consumer transaction disclose, among other things: (1) the identity of the creditor; (2) the amount financed; (3) the finance charge; (4) the annual percentage rate; (5) the sum of the amount financed and the finance charge, or total of payments; [and] (6) the number, amount, and due dates or period of payments scheduled." *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 432 (3d Cir. 2018) (quote omitted). Creditors also must disclose definitions and explanations of those terms and information about borrower's rights in a manner that is reasonably understandable and noticeable to the consumer. *See Krieger*, 890 F.3d at 432-33. A consumer may file suit under TILA against a creditor that fails to comply with the relevant requirements. *See* 15 U.S.C. § 1640(e).

Laulopez's allegations are insufficient to plausible allege a TILA claim. Initially, although Laulopez seeks to invoke the TILA, he does not indicate which section of the Act Fineline Auto Group, LLC, and/or CAC is alleged to have violated. *See Rankin v. Saldutti, LLC*, Civ. No. 19-1508, 2020 WL 256433, at *6 (E.D. Pa. Jan. 17, 2020) ("Alleging a violation of the TILA in a complaint without specifying the specific TILA section or subsection is insufficient to state a plausible claim."). Further, to state a claim for a TILA violation, a plaintiff must state "with requisite specificity which charges and fees were not properly disclosed and why certain charges and fees are not *bona fide* and are unreasonable in amount." *Diallo v. Capital One, N.A.*, Civ. No. 23-1532, 2023 WL 3136145, at *2 (E.D. Pa. Apr. 26, 2023) (quoting *Wilson v. Round Point Mortgage Servicing Corp.*, Civ. No. 21-19072, 2022 WL 3913318, at *5 (D.N.J. Aug. 31, 2022)). Laulopez's complaint does not contain any such allegations. Rather, as stated, he only broadly claims that Defendants failed to provide the requirement disclosure agreements to him at the time he signed the auto installment loan contract regarding the "right of rescission" and the "right to opt out of credit reporting." (Doc. 1, at 5). Laulopez, therefore, has not alleged the factual detail needed to show that a statutory violation occurred. *See Diallo*, 2023 WL 3136145, at *2.

Accordingly, Laulopez's claims against Defendants under the TILA are dismissed without prejudice. The Court will grant Laulopez an opportunity to cure these deficiencies in an amended pleading.

B. LAULOPEZ FAILS TO STATE A CLAIM UNDER THE FCRA.

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Inc. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d

Cir. 2011) (explaining the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner"). In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

Under the FCRA, a litigant can assert claims against consumer reporting agencies, and in certain circumstances against furnishers of information. This case involves the former. To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, Civ. A. No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.' " (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)). Where a plaintiff fails to allege that the defendant communicated inaccurate information to a credit reporting agency, what that information was, that she disputed the information with the credit reporting agency, and

that the defendant failed to reasonably investigate the dispute after having been notified by the credit reporting agency, she has failed to state a plausible violation of the statute. *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019).

The complaint does not establish a plausible cause of action under the FCRA. Again, Laulopez does not indicate which section of the Act CAC is alleged to have violated. As best the Court can decipher, Laulopez appears to allege in a broad, conclusory fashion that CAC is reporting false and inaccurate information about him. (Doc. 1, at 6). But he does not make any factual allegations regarding the specific nature of the false and inaccurate information, he has not alleged the accounts in question, he has not described with any specificity the misleading information, and he has not alleged that CAC failed to respond to a dispute from a credit bureau or other entity. (Doc. 1). Laulopez, therefore, has not alleged the factual detail needed to show that a statutory violation occurred. *See Pressley*, 415 F.Supp.3d at 513.

Accordingly, Laulopez's claims against CAC under the FCRA are dismissed without prejudice. The Court will grant Laulopez an opportunity to cure these deficiencies in an amended pleading.

C. LAULOPEZ FAILS TO STATE A CLAIM UNDER THE TCPA.

In response to a rising amount of unsolicited telemarketing calls being made to individuals, Congress enacted the Telephone Consumer Protection Act of 1991. 47 U.S.C. § 227. The TCPA makes it:

> unlawful for any person . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . (iii) to any . . . cellular telephone . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. § 227(b)(1).

- 8 -

In order to state a cause of action under TPCA, the plaintiff must allege that (1) a call was made; (2) the recipient did not give express consent to receive the call; (3) the caller used an automated telephone dialing system; and (4) the number called is assigned to a cellular telephone service. *Richardson v. Verde Energy USA, Inc.*, 354 F.Supp.3d 639, 643 (E.D. Pa 2018) (citing 47 U.S.C. § 227(b)(1)(A)(iii)). The TCPA defines automated telephone dialing system as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). There are three exceptions to the general prohibition on automated telephone dialing system calls: "(1) a call made for emergency purposes, (2) a call made with the prior consent of the called party, and (3) a call made to collect government debts." *Duran v. La Boom Disco, Inc.*, 369 F. Supp. 3d 476, 481 (E.D.N. Y 2019) (citing 47 U.S.C. § 227(b)(1)(A))). In the case of a violation, the TCPA does create a private right of action to allow a plaintiff to recover $500 for each violation, or $1500 if the violation is willful or knowing. 47 U.S.C. § 227(b)(3).

Here, Laulopez's complaint alleges that Defendants violated the TCPA because he received "124" calls. (Doc. 1, at 6). However, Laulopez does not alleged who the calls were from or what the allegedly offending calls pertained to. Laulopez fails to plead any information regarding the approximate date of any of the phone calls. The allegations are no sufficient to put Defendants on notice of its allegedly offending behavior. *See Richardson*, 354 F.Supp.3d at 643. Therefore, Laulopez's claims do not plausibly allege a violation of the TCPA.

Accordingly, Laulopez's claims against Defendants under the TCPA are dismissed without prejudice. The Court will grant Laulopez an opportunity to cure these deficiencies in an amended pleading.

D. Laulopez fails to state a claim under the FCA.

Congress penalizes fraud upon the United States government through the False Claim Act providing, in part, "any person who knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval [or] knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim . . . is liable to the United States Government for a civil penalty . . . ." 31 U.S.C § 3729(a)(1)(A) – (B). Congress puts teeth in this penalty by allowing "[a] person may bring a civil action for a violation of [the False Claims Act] for the person and for the United States Government" but "[t]he action *464 shall be brought in the name of the Government" and "[t]he action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b).

Congress through the False Claims Act "enables private parties, known as relators, to bring enforcement actions *on behalf of the United States* to recover funds which were fraudulently obtained, and to share in any resulting damages award." *Downey v. United States,* 816 F. App'x 625, 627 (3d Cir. 2020) (emphasis added). These are known as qui tam suits. *Downey,* 816 F. App'x at 627. When a relator files a qui tam suit the action is deemed to be brought "for the person and for the United States Government." *Downey,* 816 F. App'x at 627.

The Court of Appeals instructs an individual proceeding *pro se* may not represent third parties in federal court and a *pro se* litigant may not pursue a qui tam action on behalf of the

- 10 -

government. *Downey*, 816 F. App'x at 627. In *Downey v. United States*, a relator *pro se* brought an action under the False Claims Act asserting he "represent[ed] the Federal Government" and sought to eliminate the budget deficit. *Downey*, 816 F. App'x at 627. Dismissing the *pro se* plaintiff's claim, the court determined that he never alleged he had a personal interest in the qui tam portion of his suit and as a *pro se* relator could not pursue the claim. *Downey*, 816 F. App'x at 627.

Laulopez similarly cannot pursue a FCA claim on behalf of the government because Laulopez is a *pro se* litigant. Laulopez's claim as pleaded also does not seek an enforcement action on behalf of the United States but instead seeks relief only for himself. (Doc. 1, at 5-6). He does not plead fraud upon the United States. (Doc. 1, at 6). The Court cannot discern how Defendants' auto installment loan to Laulopez and the rescission of that loan would involve the United States government, let alone fraud upon the government.

Accordingly, Laulopez's claims against Defendants under the FCA are dismissed with prejudice because allowing further amendment would be futile.

E.  L͟A͟U͟L͟O͟P͟E͟Z͟ ͟F͟A͟I͟L͟S͟ ͟T͟O͟ ͟S͟T͟A͟T͟E͟ ͟A͟ ͟C͟L͟A͟I͟M͟ ͟U͟N͟D͟E͟R͟ ͟T͟H͟E͟ GLBA.

Congress passed the Gramm-Leach Bliley Act in 1999 to protect the privacy of consumers' personal financial information. 15 U.S.C. §§ 6801-6809. Regulation P of the Act

> governs the treatment of nonpublic personal information about consumers by the financial institutions . . . [and] (1) Requires a financial institution to provide notice to customers about its privacy policies and practices; (2) Describes the conditions under which a financial institution may disclose nonpublic personal information about consumers to nonaffiliated third parties; and (3) Provides a method for consumers to prevent a financial institution from disclosing that information to most nonaffiliated third parties by 'opting out' of that disclosure, subject to the exceptions in §§ 1016.13, 1016.14, and 1016.15.
>
> 12 C.F.R. § 1016.1.

In 2014, the Bureau of Consumer Financial Protection Bureau amended Regulation P through agency rulemaking. *Amendment to the Annual Privacy Notice Requirement Under the Gramm–Leach–Bliley Act (Regulation P)*, 79 FR 64057–01, 2014 WL 5426128 (Oct. 28, 2014). The Bureau specifically noted there is no private right of action under Regulation P. 79 FR 64057–01, 2014 WL 5426128, at *64068; *see also Bonilla v. Am. Heritage Fed. Credit Union*, No. CV 20-2053, 2020 WL 2219141, at *11 (E.D. Pa. May 7, 2020) (dismissing with prejudice individual's claim under Regulation P); *Beavers v. New Penn Financial LLC,* No. 17–747, 2017 WL 4547054, at *10 (E.D. Cal. 2017) (same).

Accordingly, lacking a private right of action, Laulopez's claims against Defendants under Regulation P of the GLBA, 12 C.F.R. § 1016.1, are dismissed with prejudice.

F.  Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, the Court will grant Laulopez leave to file an amended complaint in an attempt to cure the deficiencies outlined herein regarding his under the TILA, FCRA, and TCPA. *Estelle*, 429 U.S. at 106; *Grayson*, 293 F.3d at 108.

Laulopez is advised that the amended complaint must be a pleading that **stands by itself without reference to the original complaint.** *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The amended complaint must consist of concise and

direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Laulopez is advised to follow each claim with a corresponding good-faith request for relief. Further, Laulopez is cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims he intends to assert and the factual grounds upon which they rest. The amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original complaint. **Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.**

IV.    **CONCLUSION**

As it stands, Laulopez's complaint fails to state a claim upon which relief may be granted. (Doc. 1). The Court grants Laulopez leave to file an amended complaint within 28 days from the date of the Order filed concurrently with this Memorandum, on or before **Friday, November 24, 2023**.

An appropriate Order follows.

**Dated: October 27, 2023**                              *s/ Karoline Mehalchick*
                                                         **KAROLINE MEHALCHICK**
                                                         **Chief United States Magistrate Judge**

- 13 -